UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YUSNIEL ROSALES CARMENATE,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2609

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action on September 18, 2026, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

Petitioner initiated this § 2241 petition while detained by ICE at the North Lake Processing Center. (Pet., ECF No. 1, PageID.13.) Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.23.)

In an order entered on September 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed a notice that 8 U.S.C. § 1231 governed Petitioner's detention, (ECF No. 4), and filed their response on October 8, 2026, (ECF No. 5.) Petitioner filed a reply on October 12, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Cuba. (Pet., ECF No. 1, PageID.12.) Petitioner previously filed a § 2241 petition on February 13, 2026, challenging his detention without a bond hearing. *Rosales Carmenate v. Raycraft* (*Rosales Carmenate I*), No. 1:26-cv-503 (W.D. Mich.). In *Rosales Carmenate I*, the Court conditionally granted Petitioner's petition and ordered Respondents to provide Petitioner with a bond hearing. Op., *Rosales Carmenate I*, (W.D. Mich. Mar. 9, 2026), (ECF No. 9, PageID.163.) Petitioner filed a subsequent § 2241 petition on June 6, 2026. *Rosales Clemente v. Raycraft* (*Rosales Carmenate II*), No. 1:26-cv-1790 (W.D. Mich.). The Court found that, following several motions by Petitioner and Respondents to the Detroit Immigration Court, Petitioner's order of removal became final on April 30, 2026. Op., *Rosales Carmenate II*, (W.D. Mich. July 8, 2026), (ECF No. 8, PageID.337.) The relevant factual background described in the Court's opinion in *Rosales Carmenate II* is as follows:

> On May 30, 2009, Petitioner entered the United States at a port of entry in Laredo, Texas. Petitioner was issued an NTA and was paroled into the United States "pending removal proceedings." After Petitioner failed to appear for his removal hearing, an immigration judge (IJ) issued an order of removal *in absentia* on April 30, 2013. . . .
>
> On January 14, 2026, ICE agents arrested Petitioner. . . .
>
> On February 19, [2026,] an IJ granted Petitioner's motion to reopen Petitioner's removal proceedings, thereby vacating Petitioner's final order of removal. . . .
>
> On March 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). At the conclusion of the March 12, 2026, hearing, the IJ, in a written order, denied Petitioner's request for bond[.] . . .
>
> On April 30, 2026, upon DHS's motion to reconsider, an IJ with the Detroit Immigration Court granted the motion to reconsider and denied Petitioner's motion to rescind the removal order entered *in absentia* and to reopen removal proceedings, thereby making it as though the earlier decision vacating the 2013 final order of removal had never been entered.

Op., *Rosales Carmenate II*, (W.D. Mich. July 8, 2026), (ECF No. 8, PageID.336–337 (internal citations omitted).) In *Rosales Carmenate II*, the Court denied Petitioner's petition without prejudice, finding that Petitioner's confinement was permissible under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*, PageID.340.) In Petitioner's present action, he challenges his continued detention and Respondents' attempts to remove him to Mexico. (*See generally* Pet., ECF No. 1.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner is subject to a final order of removal. (Pet., ECF No. 1-2, PageID.18; Resp., ECF No. 5, PageID.107–108.) Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful because "there is no significant likelihood of removal in the reasonably foreseeable future." (Pet., ECF No. 1-2, PageID.21.) In response, Respondents argue that Petitioner's removal is reasonably foreseeable. (Resp., ECF No. 5, PageID.112.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of

deportation became final on April 30, 2026. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Here, Petitioner has been detained less than six months after his order of removal became administratively final. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line,

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach *Arteaga-Martinez*'s constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

In claiming that removal is not reasonably foreseeable, Petitioner asserts that "Respondents have not been able to accomplish removal of Petitioner to Cuba." (Pet., ECF No. 1-2, PageID.20.) At this time, Petitioner has failed to prove that his removal is not reasonably foreseeable. And, the record before the Court suggests that it is reasonably foreseeable that Petitioner will be removed to Mexico. Respondents provided Petitioner with a Notice of Intent to Remove to a Third County on January 22, 2026, and May 29, 2026. (Hackett Decl. ¶¶ 10, 18, ECF No. 5-1, PageID.117, 118.) Respondents have taken steps to execute that plan and, as recently as September 7, 2026, Petitioner refused to comply with removal efforts. (*Id.* ¶ 21, PageID.118–119.) On October 6, 2026, Petitioner was transferred to Louisiana, in preparation for removal. (*Id.* ¶ 24, PageID.119.) Therefore, based on the information presently before the Court, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 22, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE